[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15936

_____

D.C. Docket No. 8:09-cv-02200-EAK-EAJ

SAMUEL SMITHERS,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2012)

Before TJOFLAT, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Petitioner Samuel Smithers, a Florida prisoner on death row, appeals from

the district court's denial of his first petition for writ of habeas corpus, brought

pursuant to 28 U.S.C. § 2254.  This Court granted Smithers a limited certificate of appealability on his claim that his trial counsel was ineffective at the penalty phase of his capital trial.  Smithers asserts two grounds in support of this claim: (1) trial counsel failed to provide Smithers's expert witness, Dr. Michael Maher, with adequate background information to permit a meaningful evaluation of Smithers for mitigation purposes; and (2) trial counsel failed to consult an independent expert to refute the testimony of the medical examiner.  Because our review of the totality of the evidence leads us to conclude that Smithers has failed to establish that he was prejudiced by counsel's alleged deficient performance, we affirm the district court's judgment denying habeas relief.

"We review de novo a district court's grant or denial of a habeas corpus petition."  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010).  To warrant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Smithers must establish not only that his constitutional claim is meritorious, but also that the state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d); see also Madison v. Comm'r, Ala. Dep't of Corr., 677 F.3d 1333, 1336 (11th Cir. 2012).

The merits of Smithers's ineffective assistance of counsel claim are "squarely governed" by the Supreme Court's holding in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  See Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511 (2000).  Under Strickland, Smithers must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687,  104 S. Ct. at 2064.  Since a habeas petitioner must show both deficiency and prejudice, we may dispose of a Strickland claim based on a determination that a defendant has failed to show either prong without considering the other.  See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.  We do so in Smithers's case.

Assuming, without deciding, that Smithers could show his trial counsel's performance was deficient and that he could pierce AEDPA's deference,[1] we

---

[1] It is not necessary to devote the resources to deciding the question of whether AEDPA deference applies in this case because, even if AEDPA deference does not apply, Smithers "cannot show prejudice under de novo review, the more favorable standard for review" for Smithers. Berghuis v. Thompkins, ___ U.S. ___, ___, 130 S. Ct. 2250, 2265 (2010). "Courts can . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review, see § 2254(a)." Id. Insofar as it aids the court in deciding these complex cases, it is not unusual for this Court to affirm the denial of § 2254 relief after conducting de novo review without resolving whether

3

conclude that he has not demonstrated Strickland prejudice even under de novo review. We have carefully reviewed the Florida Supreme Court's two written opinions which together detail the facts and circumstances underlying Smithers's offense, trial, penalty phase, and state postconviction proceedings. See Smithers v. State, 18 So. 3d 460 (Fla. 2009) (affirming denial of postconviction relief); Smithers v. State, 826 So. 2d 916 (Fla. 2002) (affirming convictions and death sentence on direct appeal). We have also independently reviewed the entire state court record, given due consideration to the parties' briefs, and had the benefit of oral argument. In sum, we have carefully considered "'the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding'—and 'reweig[hed] it against the evidence in aggravation.'" Porter v. McCollum, ___U.S.___, ___, 130 S. Ct. 447, 453–54 (2009) (quoting Williams, 529 U.S. at 397–398, 120 S. Ct. at 1515). Based upon the evidence in the state court record and Strickland, we conclude there is no "reasonable

---

AEDPA deference applies. See, e.g., Wellons v. Warden, 695 F.3d 1202, 1213 (11th Cir. 2012); Owen v. Fla. Dep't of Corr., 686 F.3d 1181, 1201 (11th Cir. 2012); Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1109–10 (11th Cir. 2012); Payne v. Allen, 539 F.3d 1297, 1318 n.18 (11th Cir. 2008). In doing so here, we emphasize that we are not deciding whether AEDPA deference applies to the state court's decision. We are of course well aware that the Supreme Court has repudiated the notion that AEDPA's "unreasonableness question" is the same as an appellate court's "confidence in the result it would reach under de novo review." Harrington v. Richter, ___ U.S. ___, ____, 131 S. Ct. 770, 786 (2011).

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068.

The evidence presented at the trial and penalty phases leads us to conclude that the evidence presented during the postconviction hearing "would barely have altered the sentencing profile presented to the sentencing judge." Id. at 700, 104 S. Ct. at 2071. This is not a case involving an eleventh hour investigation and the presentation of only some mitigation. On the contrary, trial counsel confronted Smithers's penalty phase jury with substantial mitigating evidence, including the testimony of family members, friends, and three mental health experts who testified to the existence of compelling statutory and nonstatutory mitigating circumstances. See Smithers, 826 So. 2d at 921–22. Yet, the jury returned unanimous death recommendations as to each of the two victims. Id. at 922. And despite the state's presentation of three rebuttal experts during the penalty phase, the sentencing court still found and gave weight to significant statutory and nonstatutory mitigating circumstances. Id. The trial court determined the substantial aggravating circumstances outweighed the mitigating circumstances and sentenced Smithers to death. Id.

5

While we recognize that Dr. Maher testified during the postconviction hearing that he would have changed his diagnosis of Smithers in light of evidence that he said was never given to him by trial counsel, we agree with the Florida Supreme Court's assessment that Dr. Maher's revised opinion does not establish a reasonable probability of a different outcome for Smithers. Smithers, 18 So. 3d at 468–69. We also agree with the Florida Supreme Court's conclusion that presentation of an independent medical examiner would not have meaningfully impacted the aggravating side of the ledger in this case. Id. at 471–72. Although the postconviction evidence could have undermined the state's penalty phase closing argument that victim Cowan drowned, that same postconviction testimony "supported, rather than contradicted, the finding that Cowan was strangled to death." Id. at 471. In short, we agree with the Florida Supreme Court's assessment of the medical examiner issue. Id. at 471–72. Smithers's postconviction evidence does not undermine our confidence as to existence of the aggravating circumstances in this case.

For all of these reasons, we affirm the district court's denial of habeas relief.

**AFFIRMED.**